RONALD WILCOX, Bar No. 176601
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-4086

Attorney for PLAINTIFF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VICKI RIVERA, on behalf of herself and members of the general public, <br>                    Plaintiff, <br> v. <br> PERFORMANCE DEVELOPMENT, INC., d/b/a PDI Management Services, et al., <br>                    Defendants. | NO. C 03-04790 JF HRL <br><br> Date: June 29, 2004 <br> Time: 10:00 a.m. <br> 280 South 1st St., San Jose, CA <br> JUDGE HOWARD LLOYD <br><br> PLAINTIFF'S REPLY BRIEF REGARDING MOTION FOR PROTECTIVE ORDER |

### A. *BACKGROUND*

From approximately June to October 2003 defendants Performance Development Inc., d/b/a PDI Management, and its employees, directed abusive, harassing and misleading statements towards plaintiff Vicki Rivera, in an attempt to collect a debt. Defendants' violations of Federal and State debt collection laws include: the use of profanity and obscene language, false threats of imminent legal action not intended, false threats of immediate seizure of property, and other false, deceptive and misleading statements.[1] A number of defendants' statements were recorded. These oppressive tactics caused Mrs. Rivera emotional distress, including: loss of

---

[1] The legislative history to the federal Fair Debt Collection Practices Act states, "The committee has found that debt collection abuse by third party debt collectors is a widespread and serious national problem. Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys and simulating legal process." S. Rep. No. 382, 95th Cong. 1st Sess. 1-2 reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1696.

- 1 -

PLAINTIFF'S REPLY BRIEF REGARDING MOTION FOR PROTECTIVE ORDER- C 03-04790 JF HRL

sleep, nightmares, lack of concentration, fear and difficulty breathing. Defendants have denied any unlawful conduct and have denied they are "debt collectors".[2] Answer ¶4, 5, and 6. Defendants refuse to submit to noticed depositions and yet demand production of the recordings.

*Mrs. Rivera seeks a protective order to control the timing of discovery and when these audio recordings must be turned over to defendants.*

B. **SUMMARY OF ARGUMENTS**

1. The overwhelming majority rule is that Mrs. Rivera need not turnover the recordings until the defendants have been deposed.

2. Defendant incorrectly evaluated the facts; Mrs. Rivera does not have, nor does she allege to have, any secretly recorded conversations.

3. Unless a court orders otherwise, anything said in connection with an ADR matter is confidential and thus Mrs. Rivera cannot comment about any such remarks made by defendants.

4. Mrs. Rivera has made good faith efforts to resolve discovery issues, while defendants have resisted.

**1. THE OVERWHELMING MAJORITY RULE IS THAT MRS. RIVERA NEED NOT TURNOVER THE RECORDINGS UNTIL THE DEFENDANTS HAVE BEEN DEPOSED**

The overwhelming majority rule is that Mrs. Rivera need not turn over the recordings until she has first had an opportunity to depose the defendants. In her moving papers, Mrs. Rivera has cited at least four cases directly on point. These courts have in turn conducted their own in depth analysis of prior decisions (in turn citing numerous other opinions) and have concluded that the overwhelming majority rule is that the plaintiff shall not turn over the recordings until defendants have submitted to depositions.

In *Cesar Torres-Paulett v. Tradition Mariner, Inc., M/V Tradition*. 157 F.R.D. 487 (S.D. Cal. 1994), the court followed four prior decisions, and concluded that courts that have

---

[2] Despite having produced a letter they sent to Mrs. Rivera that clearly states, "This is an attempt to collect a debt by a debt collector…".

specifically addressed the issue have decided it is appropriate for a court to order a party to be deposed before his statement is produced and then for the recording to be turned over after the completion of the deposition.

In *Poppo v. AON Risk Servs.*, 49 Fed. R. Serv. 3d (Callaghan) 120, 2000 U.S. Dist. LEXIS 17588 (S.D. N.Y. 2000), the court followed five prior decisions and stated, "Since biblical times the prospect of tailoring testimony and its ramifications has been understood and condemned. This is presently seen most clearly in the sequestration of witnesses. Skipping some 2000 years, Second Circuit courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions."[3]

In *Walls v. International Paper, Inc.*, 192 F.R.D. 294 (D. Kan. 2000), the court stated, "The court has reviewed no less than six cases cited by Ms. Walls in which the recorded statements of a **party** were at issue, and in which the court ordered that the statement be released to the party **after** that party was deposed. The court finds the cases are directly on point."[4]

And in *Sherrel Perfumes, Inc. v. Revlon,* 7 F.R.D. 705 (S.D. N.Y 1977), the district court affirmed the order holding a Magistrate Judge's decision, that the interest of the plaintiff in determining the present unrefreshed recollection of the persons, whose statements were in issue,

---

[3] *See Tribune Co. v. Purcigliotti, 1997 U.S. Dist. LEXIS 13165, No. 93 CV 7222, 1997 WL 540810,* at *3 (S.D.N.Y. 1997) (ordering a production of audio and video tapes after the risk of altering testimony was over); *Weinhold v. Witte Heavy Lift, Inc., 1994 U.S. Dist. LEXIS 4559, No. 90 CIV 2096, 1994 WL 132392,* at *1 (S.D.N.Y. April 11, 1994)(surveillance video tape in a products liability action); *Daniels v. Nat'l R.R. Passenger Corp., 110 F.R.D. 160, 161 (S.D.N.Y. 1986)* (same); *Erie Conduit Corp. v. Metro. Asphalt Paving Assoc., 106 F.R.D. 451, 457 (E.D.N.Y. 1985)* (stating that the Court had denied the defendants access to plaintiff's secretly recorded tapes until after depositions); *Sherrell Perfumes, Inc. v. Revlon, Inc., 77 F.R.D. 705,* (S.D.N.Y. 1977) (delaying the production of surreptitiously tape recorded conversations in an antitrust action until after depositions)."

[4] The court cited the following cases: *Parla v. Matson Nav. Co.,* 28 F.R.D. 348 (S.D.N.Y. 1961)*; McCoy v. General Motors Corp.,* 33 F.R.D. 354 (W.D. Pa. 1963)*; Smith v. Central Linen Service Co.,* 39 F.R.D. 15 (D. Md. 1966)*; Belback v. Wilson Freight Forwarding Co.,* 40 F.R.D. 16 (W.D. Pa. 1966) (plaintiffs were deposed before requesting production of their statements previously recorded); *Nelson v. Puerto Rico Marine Management, Inc.,* 72 F.R.D. 637 (D. Md. 1976)*; Sherrell Perfumes, Inc. v. Revlon, Inc*., 77 F.R.D. 705 (S.D.N.Y. 1977)*; Torres-Paulett v. Tradition Mariner, Inc*., 157 F.R.D. 487 (S.D. Cal. 1994)*.*

1  outweighed any prejudice to defendants, was neither clearly erroneous nor contrary to law, and
2  did not constitute an abuse of discretion.

3  Mrs. Rivera has offered to turn over the tape recordings, and respond to related
4  discovery,[5] after plaintiff has had an opportunity to depose the defendants regarding the
5  statements that were recorded.  The identical fact pattern has already been ruled on in *Poppo v.*
6  *AON Risk Servs.*, 49 Fed. R. Serv. 3d (Callaghan) 120 (S.D. N.Y. 2000).

> "In the herein matter Plaintiff acknowledges her obligation to turn over these tapes to the defendant in response to defendant's discovery requests, however, plaintiff asks the Court to issue a Protective Order to delay the production of these tapes until after the depositions of the witnesses whose statements were recorded. Plaintiff states that this would prevent the defendant's witnesses from altering their testimony in order to conform with their recorded statements. "

The *Poppo* court indicated it saw no reason to depart from these precedents, and ordered the depositions proceed immediately, and that the plaintiff would turnover the audio-tapes following the conclusion of the depositions of the relevant witnesses.  The court also stated the taking of the plaintiffs deposition would only take place after that time.

California District Courts have also dealt with a similar issue involving recorded statements. *Cesar Torres-Paulett v. Tradition Mariner, Inc., M/V Tradition*. 157 F.R.D. 487 (S.D. Cal. 1994).  In *Cesar Torres-Paulett*, shortly after an accident, a representative of defendant recorded the statement of plaintiff.  Plaintiff requested that defendant produce a copy of the statement in a formal request for production of documents.  Defendant objected to production of the statement on the ground that the statement was protected from disclosure by the work product doctrine.  Defendant indicated, however, that it would produce plaintiff's recorded statement after plaintiff's deposition was completed. *Id.*

---

[5] Despite defendants' unwillingness to meet and confer, Mrs. Rivera has already supplemented her Rule 26 disclosures and has provided numerous documents and information that is also responsive to defendants' interrogatories ( Mrs. Rivera also intends to formally supplement her interrogatory responses).

PLAINTIFF'S REPLY BRIEF REGARDING MOTION FOR PROTECTIVE ORDER- C 03-04790 JF HRL

1   The *Cesar Torres-Paulett* court stated that since the defendant has agreed to produce to
2   the recorded statement to plaintiff, the issue to be resolved is not whether plaintiff is entitled to a
3   copy of his recorded statement, but when the disclosure of the recorded statement should take
4   place. *Id.* As with the *Poppo* court above, the Southern District of California considered the
5   relevant case law and stated:

> "Some courts have noted that it may be appropriate for a court to order a party to be deposed before his statement is produced. See *Smith v. Central Linen Service* 39 F.R.D. 15 (DC Md. 1966). Courts that have specifically addressed the issue hold that a defendant must produce the plaintiff's statement after the defendant has completed the plaintiff's deposition. See *Belback v. Wilson Freight Forwarding Co.* 40 F.R.D. 16 (WD Pa. 1966), *McCoy v. General Motors Corp.* 33 F.R.D. 354 (WD Pa. 1963).
>
> ….
>
> This court agrees with the rationale stated in *McCoy, supra,* and *Parla, supra.* Defendant has agreed to produce plaintiff's recorded statement after completion of plaintiff's deposition. If defendant was required to produce plaintiff's recorded statement prior to the deposition, defendant would be deprived of plaintiff's unrefreshed recollection of the events that give rise to the accident that is the subject of this litigation. Additionally, defendant would be unable to obtain a deposition of plaintiff based on plaintiff's personal memory and knowledge." *Id.*

The numerous cases above are directly on point. The overwhelming majority rule dictates that the depositions of defendants herein should proceed before any recordings are turned over. Moreover, Defendants' opposition papers appear to acknowledge that in cases where the party knows its statement is being recorded, the party is not entitled to have its recollection refreshed before its deposition. See Defendant PDI's Opposition to Plaintiff's Motion for Protective Order, page 8, line 4-12.

**2. DEFENDANTS HAVE INCORRECTLY EVALUATED THE SITUATION; MRS. RIVERA DOES NOT HAVE, NOR DOES SHE ALLEGE TO HAVE, ANY SECRETLY RECORDED COMMUNICATIONS**

The defendants have incorrectly evaluated the situation. Neither Mrs. Rivera's Complaint nor her First Amended Complaint states that Mrs. Rivera has "secret recordings." Indeed, Mrs. Rivera's Rule 26 Disclosures clearly disclosed the existence of "telephone

messages."[6]  The defendants' numerous deceptive messages were recorded on Mrs. Rivera's answering machine.  Thus, defendants' opposition, relying on just one decision involving secretly, and illegally, recorded communications, is not on point.[7]

Indeed, even when tapes have been surreptitiously recorded, courts have held that the tapes need not be produced until after the party had testified. *Walls v. International Paper, Inc.,* 192 F.R.D. 294 (D. Kan. 2000).  Also, in *Sherrel Perfumes, Inc. v. Revlon, Inc.* a Magistrate Judge's granting of a protective order was upheld by a district court. *Sherrell Perfumes, Inc. v. Revlon, Inc.* 7 F.R.D. 705 (S.D. N.Y 1977).  In *Sherrel Perfumes, Inc.* the plaintiff surreptitiously tape-recorded a series of personal telephone conversations with defendants.  Subsequently, plaintiff brought an antitrust action against defendants.  Defendants sought to discover the tapes prior to deposing certain witnesses.  The magistrate judge granted plaintiff's motion for a protective order postponing the production of the tapes.  The district court affirmed a magistrate judge's decision and held, that the interest of plaintiff in determining the present unrefreshed recollection of the persons, whose statements were in issue, outweighed any prejudice to defendants. *Id.*

Thus, the policy reasons supporting depositions before the turn over of the recordings include: 1) since biblical times courts have delayed the production of audio or video tapes prior to one or more depositions in order to prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements or actions,[8] 2) if plaintiff was required to produce defendants' recorded statement prior to the deposition, plaintiff would be deprived of plaintiff's unrefreshed recollection of the events that give rise to the statements that are the

---

[6] Attached as Exhibit 4 to Defendant PDI's Opposition to Plaintiff's Motion for Protective Order.
[7] Defendant cites *Roberts v. Americable Int'l Inc., 883 F. Supp. 499 (E.D. Cal. 1995)* (holding that a plaintiff who had surreptitiously recorded conversations with the defendant must produce these prior to the defendant's deposition).
[8] *Poppo v. AON Risk Servs.*, 49 Fed. R. Serv. 3d (Callaghan) 120, 2000 U.S. Dist. LEXIS 17588 (S.D. N.Y. 2000) (S.D. N.Y. 2000).

subject of the litigation,[9] 3) the interest of the plaintiff in determining the present *unrefreshed recollection* of the persons whose statements were in issue outweighs any prejudice,[10] 4) postponing production of the prior statements until after the party making the statements had been deposed would protect the interests of both parties,[11] and 5) since defendants will be provided with a copy of their recorded statement after their depositions are taken, they will have ample opportunity to explain any inaccuracies or discrepancies in their present account or past account of communications in further discovery proceedings or at the time of trial.[12]

**3. <u>UNLESS A COURT ORDERS OTHERWISE, ANYTHING SAID IN CONNECTION WITH AN ADR MATTER IS CONFIDENTIAL AND THUS MRS. RIVERA CANNOT COMMENT ABOUT ANY SUCH REMARKS MADE BY DEFENDANTS</u>**

According to ADR Local Rule 5-12 anything said in connection with any ENE session is confidential. Thus, Mrs. Rivera cannot address, in this forum, any communications that defendants' allege took place in connection with the ENE, other than the fact Judge Brazil denied defendants' requests to be excused from the ENE session since such is a matter of public record.[13] However, as Mrs. Rivera has stated, well before defendants' opposition was filed, she, "was unable to see a healthcare provider at the time of defendants' abusive conduct since she did not have healthcare insurance."[14]

Furthermore, despite defendants' continued reluctance to properly meet and confer regarding discovery issues, Mrs. Rivera has provided supplemental disclosures under F.R.C.P. 26, providing defendants with several documents, and has also provided information responsive

---

[9] *Cesar Torres-Paulett v. Tradition Mariner, Inc., M/V Tradition.* 157 F.R.D. 487 (S.D. Cal. 1994), *Walls v. International Paper, Inc.,* 192 F.R.D. 294 (D. Kan. 2000), and *McCoy v. General Motors Corp.* 33 F.R.D. 354 (WD Pa. 1963).
[10] *Sherrel Perfumes, Inc. v. Revlon Inc.,* 7 F.R.D. 705 (S.D. N.Y 1977)
[11] *Cesar Torres-Paulett v. Tradition Mariner, Inc., M/V Tradition.* 157 F.R.D. 487 (S.D. Cal. 1994), *Walls v. International Paper, Inc.,* 192 F.R.D. 294 (D. Kan. 2000), and *McCoy v. General Motors Corp.* 33 F.R.D. 354 (WD Pa. 1963).
[12] *Cesar Torres-Paulett v. Tradition Mariner, Inc., M/V Tradition.*, 157 F.R.D. 487 (S.D. Cal. 1994).
[13] Defendants' refer to alleged communications in connection with the ADR session in their opposition brief at page 2, line 6-10; page 4, line 7-12; and page 7, line 9 and 14.
[14] See Plaintiff's Response to Defendant's Request for Production of Documents, Response #28, attached as Exhibit 6 to Defendant PDI's Opposition to Plaintiff's Motion for Protective Order.

to defendants' interrogatories. (Decl. of Ronald Wilcox in Support of Reply Brief Re: Plaintiff's Motion for Protective Order ("Decl.")) ¶31. Thus, the issue of production of documents is moot, with the exception of defendants' continued failure to produce documents they admitted they possess, their continued refusal to meet and confer regarding discovery, and the issue of the recordings.

**4. MRS. RIVERA HAS PROCEEDED IN GOOD FAITH, WHILE DEFENDANTS HAVE RESISTED DISCOVERY AND PLAINTIFF'S GOOD FAITH EFFORTS TO RESOLVE DISCOVERY ISSUES**

The written discovery defendants have propounded is not proper before the court. However, Mrs. Rivera will briefly address defendants' comments to assist the court in its search for the truth. The defendants' actions serve as an example of a textbook case of discovery abuse, and their lack of cooperation in discovery is well documented:

1) Defendants' failed to respond to plaintiff's February 23, 2004, written request for assistance in scheduling the depositions of defendants during the week of either March 8, 2004 or March 24, 2004. (Decl. ¶1).

2) Defendants did not object to Mrs. Rivera's suggested May 20 and May 21, 2004, for taking defendants' depositions. Then, more than one week after such depositions were noticed,[15] (and after three phone calls with Mrs. Rivera's counsel regarding defendants' failure to properly respond to Mrs. Rivera's request for production of documents), Mr. Bartz suddenly stated both defendants' counsel would be unavailable for the noticed depositions. (Decl. ¶8-17).

3) Defendants failed to assist Mrs. Rivera with arranging different dates to hold the noticed depositions, despite having knowledge of such available dates. Thus, defendants refuse to submit to noticed depositions, and do so without having first filed a motion to seek a protective order, as is required under F.R.C.P. 26. (Decl. ¶17-20 and ¶25-30).

---

[15] After Mrs. Rivera's counsel made air, ground, lodging, arrangements to travel from San Jose to Orange County, as well as court reporter arrangements for the depositions.

- 8 -

PLAINTIFF'S REPLY BRIEF REGARDING MOTION FOR PROTECTIVE ORDER- C 03-04790 JF HRL

4) Defendants failed to properly respond to plaintiff's request for production of documents, despite being in possession of the requested documents.  Moreover, defendants completely ignored the F.R.C.P. and failed to provide a privilege log and failed to file a motion for protective order, as is required under F.R.C.P. 26. (Decl. ¶11 and 14).

5) Defendants have repeatedly failed to meet and confer, failed to discuss stipulations that could have avoided discovery delays as well as this hearing, and continue to refuse to meet and confer.  (Decl. ¶1, 3-20, 22-23, and 25-32).

6) Defendants failed to utter any response to plaintiff's proposed protective order dated May 24, 2004 (the protective order comports with all applicable law).  Thus, their true intention is to simply refuse to properly respond to plaintiff's request for production of documents, served back on February 23, 2004. (Decl. ¶28).

7) Defendants **grossly** mischaracterized the events and attempted to creatively disguise their efforts to obstruct discovery. (*See generally*, Decl., all paragraphs).

Simply put, defendants refused to submit to noticed depositions, and then began a parlor game in an effort to obtain the recordings and plaintiff's deposition, before submitting to depositions themselves.  Courts have ruled the scheduling of depositions should not be used as a bargaining tool by defendants. *Undraitis v. Luka*, 142 F.R.D. 675 (S.D. IN 1992).  As in *Undraitis* the plaintiff herein has made repeated attempts to schedule the depositions of defendants.  Defendants should not be allowed to continue their resistance to depositions, and their obstruction, in the herein matter.

However, since Defendants have suddenly admitted that "*PDI does not contest Plaintiff's right to go forward with defendants' deposition first*",[16] then the only matter before the court is ***when*** the recordings should be produced.

---

[16] See Defendant PDI's Opposition to Plaintiff's Motion for Protective Order, page 5, line 21.

The well-reasoned cases above supports plaintiff's request for a protective order that would allow Ms. Rivera to produce the recordings, and respond to related discovery, after defendants' depositions have been concluded, and then for Ms. Rivera to submit to her own deposition.

**CONCLUSION**

The overwhelming majority rule is that Mrs. Rivera need not turn over the recordings until she has first had an opportunity to depose the defendants. Defendant incorrectly evaluated the facts; Mrs. Rivera does not have, nor does she allege to have, any secretly recorded conversations. Unless a court orders otherwise, anything said in connection with an ADR matter is confidential and thus Mrs. Rivera cannot comment about any such remarks made by defendants. Mrs. Rivera has made good faith efforts to resolve discovery issues, while defendants have resisted.

Thus, Plaintiff has been unable to obtain the cooperation of defendants to submit to the depositions that were properly noticed. Additionally, plaintiff has been unable to reach a stipulation with defendants regarding the timing of when plaintiff will turn over certain recordings of defendants' deceptive statements and respond to related written discovery. Therefore, plaintiff seeks a Protective Order under Federal Rule of Civil Procedure 26(c) to control the timing of discovery events. Similarly, in the herein matter Mrs. Rivera merely seeks to provide the recordings, respond to related discovery, and submit to her own deposition, at the appropriate time.

Dated: June 15, 2004

Sincerely,
/s/ Ronald Wilcox
Ronald Wilcox, Attorney for Plaintiff