**\*E-FILED ON 6/30/04\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICKI RIVERA, | No. C03-04790 JF (HRL) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| PERFORMANCE DEVELOPMENT, INC. dba PDI MANAGEMENT SERVICES; DAVID BROWN; and BRIAN HANSFORD, | [Re: Docket No. 15] |
| Defendants. | |

On June 29, 2004, this court heard the Motion for Protective Order filed by plaintiff Vicki Rivera ("plaintiff"). Defendant Performance Development, Inc. ("PDI" or "defendant") opposed the motion. Having considered the papers filed by the parties and the arguments of counsel, the court issues the following order.

## I.  BACKGROUND

Plaintiff filed this action for damages and injunctive relief, alleging, among other things, violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. She claims that between approximately June 2003 and October 2003, defendants made abusive, harassing and misleading statements to her in an attempt to collect a credit card debt. She has audiotapes of defendants' telephone messages which she says were recorded on her answering machine.

Presently before the court is plaintiff's motion for a protective order under Fed. R. Civ. P. 26(c). She seeks an order permitting her to withhold these audiotapes (and notes or transcriptions of the contents) until after she has completed her depositions of defendants. She argues that a protective order is necessary to prevent defendants from altering their testimony to conform with their recorded statements and to preserve the impeachment value of the tapes.

PDI argues that plaintiff cannot appropriately withhold production of the tapes because they are relevant and responsive to its discovery requests.[1] It further contends that she has not demonstrated good cause for a protective order, and that fairness requires that defendants be permitted to review the tapes before submitting to deposition.

## II. LEGAL STANDARD

Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by ordering "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place . . .." See FED. R. CIV. P. 26(c)(2). In addition, courts have discretion to control the sequence of discovery "for the convenience of the parties and witnesses and in the interests of justice . . .." FED. R. CIV. P. 26(d). The party seeking a protective order has the burden of showing that the protection is warranted under Fed. R. Civ. P. 26(c).

## III. DISCUSSION

Preliminarily, the court notes that plaintiff does not contest the discoverability of the audiotapes. Indeed, a party has a right to a copy of its prior statements. See Fed. R. Civ. P. 26(b)(3) ("[a] party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party"). Thus, the issue to be resolved is not whether, but *when* the audiotapes should be produced.

PDI argues that its discovery requests have "priority" because they predate plaintiff's deposition notices. However, there is no absolute rule of priority in discovery, and "the fact that a

---

[1] PDI argues at some length that plaintiff has not complied with her initial disclosure obligations under Fed. R. Civ. P. 26(a) and has not produced information responsive to PDI's discovery requests. However, those issues are not properly before this court on the present motion.

2

party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." See FED. R. CIV. P. 26(d); see also Advisory Committee Notes to Fed. R. Civ. P. 26(d) (1970 Amendment) ("[t]he principal effects of [Rule 26(d)] are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case.").

With respect to plaintiff's request to delay production of the audiotapes until after defendants' depositions are complete, neither party has cited (and the court has not found) binding precedent on point. Nonetheless, plaintiff urges the court to follow the apparent majority of courts that have delayed production of a party's prior statements in a variety of cases in order to afford the deposing party an opportunity to obtain present unrefreshed recollection as to the subject matter of the litigation. See, e.g., Walls v. Int'l Paper Co., 192 F.R.D. 294 (D. Kan. 2000) (granting a protective order in a sex discrimination case); Torres-Paulett v. Tradition Mariner, Inc., 157 F.R.D. 487 (S.D. Cal. 1994) (granting a protective order in a personal injury action); Sherrell Perfumes, Inc. v. Revlon, Inc., 77 F.R.D. 705 (S.D.N.Y. 1977) (affirming issuance of a protective order in an antitrust action); McCoy v. General Motors Corp., 33 F.R.D. 354 (W.D. Pa. 1963) (delaying production in a personal injury action).

Other courts, as noted by defendant, have not granted requests for delayed production where the substantive (as opposed to impeachment) value of the recordings is predominant, or where pre-deposition production was otherwise required in the "interests of justice." See, e.g., Pro Billiards Tour Assoc., Inc. v. R.J. Reynolds Tobacco Co., 187 F.R.D. 229 (M.D.N.C. 1999) (denying plaintiff's request for a protective order where it relied upon the recording in question as evidence of the parties' alleged oral contract); Roberts v. Americable Int'l Inc., 883 F. Supp. 499 (E.D. Cal. 1995) (concluding that the interests of justice required the pre-deposition production of plaintiff's surreptitious, and arguably illicit, recordings of her conversations with defendant).

In this case, plaintiff has an interest in obtaining unrefreshed recollection in deposition, and a number of courts have recognized that such an interest is a valid basis for delaying production of the witnesses' statements until after deposition. Moreover, the court is not convinced that defendants will be prejudiced if production of the tapes is delayed, and defense counsel conceded at the hearing that

3

1  there will be no prejudice as to the deposition of PDI.  Unlike Roberts, the recordings at issue were
2  not surreptitiously made; and unlike Pro Billiards, statements by plaintiff are not implicated.
3  Defendants will have sufficient opportunity to review the tapes and to explain any inaccuracies or
4  discrepancies in further discovery or at trial.  At the same time, however, the taped telephone
5  messages apparently comprise at least part of the basis of plaintiff's claims in this lawsuit.  The court
6  finds that plaintiff should not be permitted to withhold all discovery pertaining to the messages for an
7  indefinite period of time at the expense of defendants' right to relevant information.

## IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for a protective order is GRANTED IN PART.  Before deposing any defendant (and in any event **no later than July 9, 2004**), plaintiff shall identify for defendants all of the recorded statements in existence by disclosing the date(s), speaker(s) and recipient(s) of each message.  However, plaintiff will not be required to produce the actual recordings (or summaries or transcriptions, if any, of the contents) until after she completes her deposition of defendants PDI and Hansford.

2. Plaintiff shall complete her deposition of PDI and Mr. Hansford within thirty days from the date of this order.[2]  She shall bring the audiotapes and related summaries and transcriptions (or copies thereof) to the examination of PDI or Mr. Hansford (whichever is later).  Upon conclusion of her examination, plaintiff shall produce copies of these materials to defendants (or shall provide the originals for inspection and copying by defendants).

3. A telephonic discovery status conference with the undersigned is set for **July 8, 2004 at 1:30 p.m.**  Counsel shall arrange to jointly contact the court at (408) 535-5411 via teleconference.

Dated:  June 30, 2004

                /s/ Howard R. Lloyd
                HOWARD R. LLOYD
                UNITED STATES MAGISTRATE JUDGE

---

[2] At the hearing, defense counsel stated that their client, Mr. Hansford, no longer works for PDI and is currently out-of-state.  It is not clear if counsel has lost contact with him.  Obviously, counsel must continue to try to communicate with Mr. Hansford and to produce him for deposition.

4

03-cv-4790 Notice will be electronically mailed to:

Robert S. Niemann    rniemann@sf.seyfarth.com

Angelina Venegas Shepardson    avenegas@sf.seyfarth.com,

Ronald Wilcox    ronaldwilcox@post.harvard.edu

Mark William Yocca    myocca@ypylaw.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Date: 6/30/04    _____/s/ KC_____
                 Chambers of Magistrate Judge Lloyd